The Memorandum Decision and Order below is hereby signed.  Dated: February 4, 2008.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MONICA D. JONES, | ) | Case No. 07-00376 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION TO MODIFY PLAN

The debtor has filed a motion to modify her plan to provide that the postpetition default on the second deed of trust held by Greenpoint Mortgage (as well as prepetition arrears provided for by her original plan) will be cured via payment by the trustee making payments to Greenpoint under the debtor's modified plan. The court previously entered a consent order between the debtor and Greenpoint which provides that the debtor is to make cure payments for a postpetition arrears owed Greenpoint Mortgage starting on January 20, 2008, and on the 20th of each month thereafer at the rate of $1,355.67 per month.  It is not clear whether those arrears are under the first or the second deed of trust.

I

Greenpoint has not agreed to the debtor's motion to modify her plan, but 11 U.S.C. § 1322(b)(2) does not require such consent.

A.

Section § 1322(b)(2) provides that a plan may not modify the rights of a holder of a claim secured by only a security interest in real property that is the debtor's principal residence. However, § 1322(b)(5) provides that notwithstanding § 1322(b)(2), a plan may provide "for the curing of any default within a reasonable time and maintenance of payments while the case is pending" (if the last payment on the claim is due after the debtor's last plan payment is due).

In the past, I interpreted the "maintenance of payments" requirement of § 1322(b)(5) as meaning that upon filing a case, a debtor is to maintain payments on her home mortgage, in other words, that this particular aspect of the anti-modification provision of § 1322(b)(2) is not modified by § 1322(b)(5). However, under that view of the statute, a debtor may utilize § 1322(b)(5) to cure her prepetition defaults because those are not payments to be maintained, but instead payments already in default.

However, the weight of authority is now to the contrary, reasoning that § 1322(b)(5) does not purport to limit itself to

cures of prepetition defaults, and that the "maintenance of payments" language refers to maintaining payments that come due after those that are in default.  See Green Tree Accept., Inc. v. Hoggle (In re Hoggle), 12 F.3d 1008 (11th Cir. 1994).  Accord, e.g., In re Nichols, 440 F.3d 850, 857 (6th Cir. 2006); Mendoza v. Temple-Inland Mortg. Corp. (In re Mendoza), 111 F.3d 1264, (5th Cir. 1997); In re Binder, 224 B.R. 483, 486 (Bankr. D. Colo. 1998).  At least until more thorough briefing of the issue in some later case convinces me to the contrary, I now view those decisions as properly stating the law.  They permit a plan, in appropriate circumstances (such as one payment missed by only one day), to address the cure of postpetition defaults.  Nevertheless, as explored below, the spirit of § 1322(b)(5) still embodies a policy that debtors should generally continue to make regular home mortgage payments as they come due postpetition.

B.

Even under Hoggle, utilization of § 1322(b)(5) to cure postpetition default should be permitted only when warranted by the circumstances and the requirements for confirmation or modification of a plan.  The power ought not be utilized in a way that renders the "maintenance of payments" requirement a hollow one by permitting indefinite deferral of that obligation until late in the life of the case.  Permitting a plan to provide for the cure of postpetition defaults would amount to a post-default

re-writing of the debtor's mortgage obligations.  That result could not be achieved directly by a plan, confirmed at the outset of the case, calling for the debtor prospectively to be given the right to delay making future monthly payments, and the right to cure such delayed payments over a short period of time.  Such a plan would violate the "maintenance of payments" requirement of § 1322(b)(5).  In that light, a court should bear in mind these points (among others) before confirming a plan calling for the cure of postpetition defaults:

- A debtor ought not be permitted to default on paying the home mortgage only because she intends to deal with such defaults under a plan instead of remaining current.  Such a failure may amount to an act of bad faith warranting denial of confirmation of such a plan.
- Even when the failure is not deliberate, the debtor bears the burden of establishing an ability to make the cures under the plan (despite having missed payments postpetition) and that the proposed cure period is a reasonable period of time.
- Because mortgagees look to home mortgage payments as producing a relatively regular stream of income, the cure period should be relatively short, particularly because a postpetition default is usually on top of prepetition defaults that are also being cured under

4

      the plan.  A debtor who by filing bankruptcy was given the opportunity to cure prepetition defaults under a plan ought not worsen the mortgagee's position by adding insult to existing injury by piling on additional (that is, postpetition) defaults that result in an unreasonable period of time before all arrears are cured.

- To make the cure period short in order to be reasonable may particularly be the case when the mortgage did not provide for interest to compensate the mortgagee for delay in the making of mortgage payments.  See 11 U.S.C. § 1322(e) (cure amount governed by mortgage and nonbankruptcy law).

- The courts should be careful, in particular, in requiring the debtor to demonstrate compliance with the requirements of 11 U.S.C. § 1329 before permitting modification of a plan to address postconfirmation defaults on a home mortgage.  See In re Binder, 224 B.R. at 486-88.

Here, Greenpoint has not objected to modification of the plan. Nevertheless, if the modification relates to the deed of trust addressed by the consent order regarding relief from the automatic stay, the motion did not give fair notice that the debtor was seeking to modify that consent order.

II

Failure of a debtor to comply with the terms of a plan provision calling for maintenance of home mortgage payments can be grounds for relief from the automatic stay.  In re Binder, 224 B.R. at 490.  Although the debtor might seek to modify the plan and thereby moot the grounds of the motion for relief from the automatic stay, there is an alternative.  The court may address curing of the arrears in an order disposing of the motion for relief from the automatic stay.  Such an order avoids the necessity of the debtor's seeking to modify her confirmed plan to address the postpetition defaults.  Typically, such an order gives the debtor a period of time to cure postpetition defaults while maintaining regular payments, and provides for a lifting of the automatic stay if, after notice of a default in complying with the orders terms, the debtor does not cure that default within, say, 14 days.

Implicit in such an order is a recognition that it would be unreasonable for the debtor perpetually to run up defaults only to be given, once again, an opportunity to cure the defaults. Modification of such orders is seldom granted because it is implicit in the order that the debtor might become unable to make payments, and that there has to be an end at some point to the mortgagee's rights being altered through extending further cure rights to the debtor.  In other words, a default by the debtor

likely was a foreseeable possibility, thus making relief from the order inappropriate.

### III

Here, there already was a consent order addressing a motion for relief from the automatic stay filed by Greenpoint that was based on the debtor's postpetition defaults.  If that order dealt with the second deed of trust, that raises the following concerns.  It is not clear whether the debtor intends that, upon confirmation of her modified plan, the consent order will continue to be effective: the terms of the modified plan do not contain such a provision.  Granting the motion to modify the debtor's plan arguably could result in a modification of the consent order.  The debtor's motion to modify did not give fair notice of her intention to modify the consent order.  Moreover, it does not address whether the increased payments under the modified plan will be sufficient to comply with the terms of the consent order.

It is accordingly

ORDERED that within 21 days after entry of this order, the debtor shall file a memorandum addressing the court's concerns in part III, above (for example, by explaining that the relief from stay motion addressed the first, not the second, deed of trust), or an agreed order endorsed by Greenpoint, or a supplemental motion to modify the consent order regarding Greenpoint's motion

for relief from the automatic stay, or a motion to modify the confirmed plan in a different way.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Carrie Ward, Esq.